UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FERNANDO FONTANEZ,                 ) | |
|                                              ) | |
|       Plaintiffs,                  ) | |
|                                              ) | |
|       v.                                   ) | Civil Action No. 1:22-cv-00919 (UNA) |
|                                              ) | |
| BOEING CORPORATION,                ) | |
|                                              ) | |
|       Defendant.                 ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case for the reasons explained herein.

Plaintiff, a resident of the District of Columbia, attempts to bring this action as a "shareholder derivative action on behalf of Boeing Corporation against it[]s CEO Dave Calhoun and Board of Directors for breach of fiduciary duty and violation of civil securities laws." The prolix complaint totals 169 pages and is quite difficult to follow. He broadly alleges that Boeing officials have violated various antifraud provisions of the Securities and Exchange Acts.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate

defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint satisfies this standard. Plaintiff alleges that, through his own "analytical research," he has discovered that Boeing has "squandered intentionally" "multi-billions" of dollars and has ignored "100 billion dollars from plaintiff Fernando Fontanez." He further contends that Boeing has been "false[ly] misleading in [its] annual reports [,] failing to disclose the guaranteed monies to the corporation [and] enhancing Boeing Corporation[']s financial position drastically while aiding the U.S. government, all American corporations, all Americans, the global stock market[,] and global business ventures." He demands unspecified damages and seeks "a meeting between plaintiff and Boeing Corporation to appropriate the monies to Boeing Corporation and the U.S. Government et al." These ambiguous and disordered allegations fail to meet the *minimal* pleading requirements of Federal Rule 8(a). And because plaintiff has alleged fraud, his claims must not only meet this minimum standard, but must also meet the *heightened* pleading standard prescribed by Fed. Ri. Civ. P. 9, which the complaint patently fails to do. *See* Fed. R. Civ. P. 9; *United States ex rel. Williams v. Martin–Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004)).

Second, *pro se* litigants can represent only themselves in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted*); see also U.S. ex*

*rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975)), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004); *DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) (same) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)).

Assuming *arguendo* that plaintiff is a Boeing shareholder,[1] as a *pro se* litigant, he is nonetheless prohibited from bringing a shareholder derivative suit. *See, e.g., United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (finding a shareholder's request to intervene *pro se* was just a means to avoid the requirement that a corporation be represented by counsel and thus impermissible); *Phillips v. Tobin*, 548 F.2d 408, 411–15 (2d Cir. 1976) ("Since a corporation may not appear except through an attorney, likewise the representative shareholder cannot appear without an attorney."); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (same). And even if plaintiff could bring this type of suit *pro se*, he has neither satisfied the prerequisites to filing this kind of suit, nor the specific pleading requirements. *See* Fed. R. Civ. P. 23.1(a)–(b).

For all of these reasons, the complaint will be dismissed. Plaintiff's motion for CM/ECF password, ECF No. 5, will be denied as moot.

---

[1] In his *in forma pauperis* application plaintiff does not list any Boeing stock. *See generally*, ECF No. 2.

A separate order accompanies this memorandum opinion.

Dated: May 16, 2022

TREVOR N. McFADDEN
United States District Judge